**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4930**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

KENNETH DEWAYNE MCGAHA,

    Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry F. Floyd, District Judge. (8:06-cr-01187-HFF)

---

Submitted: July 17, 2008      Decided: July 30, 2008

---

Before MICHAEL, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Johnny E. Watson, Sr., WATSON LAW FIRM, Columbia, South Carolina, for Appellant. Kevin F. McDonald, Acting United States Attorney, Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On November 14, 2006, Kenneth Dewayne McGaha was charged with possession with intent to distribute 5 grams or more of methamphetamine, 50 grams or more of a substance containing a detectable amount of methamphetamine, and 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). McGaha ultimately entered into a plea agreement with the Government. On August 15, 2007, McGaha appeared for sentencing. The district court determined McGaha was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(a). McGaha had a base offense level of 34, which was reduced three levels pursuant to U.S.S.G. § 3E1.1, and a criminal history category VI. The district court sentenced McGaha to 188 months' imprisonment, in conformity with his advisory guidelines range.

McGaha timely noted his appeal. On appeal, McGaha's counsel has filed a brief in which he argues that the officer lacked probable cause to awaken McGaha as he slept in his vehicle on the side of the road, and therefore, the drugs seized from McGaha's person and vehicle should have been suppressed. McGaha's counsel has also submitted an argument on McGaha's behalf pursuant to Anders v. California, 386 U.S. 738 (1967). According to McGaha, he should not have been determined to be a career offender under § 4B1.1. We affirm the judgment of the district court.

- 2 -

Federal Rule of Criminal Procedure 12(b)(3)(C) requires motions to suppress evidence be made before trial.  United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997).  Failure to make a motion to suppress before trial constitutes a waiver unless the trial court grants relief from the waiver under Rule 12(e) for cause shown.  Fed. R. Crim. P. 12(e); United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995).  On March 14, 2007, McGaha filed a motion to suppress any and all fruits of the warrantless search of his person and vehicle.  However, McGaha withdrew his motion after signing his plea agreement with the Government.  In his brief on appeal, McGaha makes no attempt to demonstrate cause for failing to preserve his Fourth Amendment claim; therefore, he has waived this assignment of error.

McGaha was also properly classified as a career offender under U.S.S.G. § 4B1.1(a).  According to U.S.S.G. § 4B1.1, a defendant is a career offender if the defendant was 18 at the time of the instant offense of conviction; the instant offense of conviction was a felony crime of violence or a felony controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1.  At the time of the instant offense McGaha was 37 years old and had three prior felony convictions for crimes of violence.  Accordingly, we affirm the judgment of the

district court.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

*We have considered the arguments raised in McGaha's pro se supplemental brief and find they are without merit.